UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARIEL AND TIRAS NEWMAN, wife and husband,<br><br>                Plaintiffs,<br><br>      v.<br><br>DePUY, INC., a corporation; DePUY SYNTHES SALES, INC., a corporation; DePUY ORTHOPAEDICS, INC., a corporation; NORTH IDAHO DAY SURGERY, LLC, an Idaho limited liability company d/b/a NORTHWEST SPECIALTY HOSPITAL; NSH NORTH IDAHO, INC. an Idaho Corporation, ABC CORPORATIONS 1-5; and JOHN DOES 1-5,<br><br>                Defendants. | Case No. 1:16-cv-00033-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Pending before the Court are numerous motions: a Motion to Dismiss filed by Defendants North Idaho Day Surgery, LLC and NSH North Idaho, Inc. ("Hospital Defendants") (Dkt. 20), in which Defendants DePuy, Inc., DePuy Synthes Sales, Inc., and DePuy Orthopaedics, Inc. ("DePuy") joined (Dkt. 23); Plaintiffs' Motion to Remand (Dkt. 26); Plaintiffs' Motion to Amend (Dkt. 16); Plaintiffs' Motion for Extension of Time (Dkt. 33); Plaintiffs' Motion to Seal Declaration (Dkt. 36); and DePuy's Motion for

**MEMORANDUM DECISION AND ORDER - 1**

Protective Order (Dkt. 40). The Court has determined that oral argument would not significantly assist the decisional process.

Procedurally, the Court should first consider the motion to remand before addressing the other motions. *See Ladonicolas v. Beury*, 21 F.3d 1114 (9th Cir. 1994). Because it finds that the Motion to Remand should be granted, the remaining pending motions shall be deemed moot, as further discussed below.

## BACKGROUND

In June of 2013, Ariel Newman underwent spinal lumbar fusion surgery at North Idaho Day Surgery, LLC d/b/a Northwest Specialty Hospital ("Hospital Defendants"). According to Plaintiffs, Ms. Newman's doctor used defective DePuy surgical screws to perform the operation. As a result, Ms. Newman needed revision surgery and alleges that she suffered both physical and emotional injury, as well as economic loss. *Compl.* at ¶¶ 13, 14, 17, 23, 24.

Plaintiffs, Idaho citizens, filed this action in Idaho state court against the DePuy screw manufacturers and the hospital where she received the surgery. *See id.* Plaintiffs assert claims of strict liability, negligence, and products liability pursuant to the Idaho Products Liability Reform Act (IPLRA). Although the Hospital Defendants are Idaho residents, DePuy Defendants removed the case to federal court on January 20, 2016. The Hospital Defendants assert that Plaintiffs have no plausible cause of action against NIDS and NSH and that these defendants were fraudulently joined to foil diversity jurisdiction. *See Notice of Removal* at 3–14 (Dkt. 1). The Hospital Defendants moved to dismiss Plaintiff's Complaint on March 26, 2016. *See Def. Brief in Support of Mot. to Dismiss* at

MEMORANDUM DECISION AND ORDER - 2

C (Dkt. 20-1). On April 29, 2016, Plaintiffs moved to remand this matter back to state court. Dkt. 26.

## LEGAL STANDARDS

### I.   Motion to Remand

Courts must strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles*, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).  The strong presumption against removal jurisdiction means that the Defendants carry the burden to establish that removal is proper. *Id*. Where the defendant claims there is fraudulent joinder to justify removal, "there is an even greater burden on the defendant."  *See Ballesteros v. Am. Standard Ins. Co. of Wisconsin*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006).

Generally, removal jurisdiction is granted only when there is complete diversity of citizenship. However, there is an exception to this general rule where a non-diverse defendant has been fraudulently joined. The presence of a non-diverse defendant will be ignored if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  In other words, "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Candy v. 474 Club LLC*, 2007 U.S. Dist. LEXIS 7524, 2007 WL 1381806, *2 (D. Idaho 2007).

## ANALYSIS

### I. Motion to Remand

In deciding a motion to remand, courts look to whether the case was properly removed to federal court in the first place. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984). "Because of the 'Congressional purpose to restrict the jurisdiction of the federal courts on removal,' . . . federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Steutzle*, 76 F3d 1480, 1485 (9th Cir. 1996) (citations omitted). Here, the answer to that question hinges on whether the Hospital Defendants were fraudulently joined as defendants.

Fraudulent joinder is a term of art. There is no requirement of actual fraud. Rather, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In deciding whether a case should be remanded, the court must:

> resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff . . . . "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."

*Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990) (*quoting Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)).

In assessing removability, courts typically look only to the plaintiff's pleadings. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), *cert denied* 525 U.S. 963 (1998). But where fraudulent joinder is an issue, "the defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Id*. (citations omitted). The burden of proof is high: "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F3d 1203, 1206 (9th Cir. 2007), *citing Pampillonia v. RJR Nabisco, Inc.*, 138 F3d 459, 461 (2nd Cir. 1998).

Here, DePuy asserts that Plaintiffs cannot assert a products liability claim against the Hospital Defendants, because the Hospital Defendants are not "product sellers" under Idaho law, and therefore cannot be sued under Idaho's product liability statute ("IPLRA"). Under Section 6-1402 a "product seller" is "any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product." I.C. § 6-1402(1). Specifically exempted from the term "product seller" are "provider[s] of professional services who utilize[] or sell[] products within the legally authorized scope of its professional practice." *Id*.

Plaintiffs' original complaint is certainly not verbose. But they do allege that the Hospital Defendants "engaged in the businesses of assembling, inspecting, packaging, labeling, distributing, recommending, merchandising, advertising, promoting, supplying and/or *selling* to physicians, hospitals, medical practitioners, and the general public a

**MEMORANDUM DECISION AND ORDER - 5**

certain product, known as screws for use in spinal fusion surgery." *Compl.*, ¶ 10 (emphasis added).

The parties agree that no Idaho court has addressed the issue of whether a hospital may be held liable for defects in devices used in medical procedures. Similarly, there is no authority in Idaho that indicates a hospital can *never* be a product seller. Defendants argue though that Idaho courts would take the majority approach in holding that hospitals are not "product sellers" but rather "professional service providers" for product liability purposes. Admittedly, this is an eminently reasonable interpretation of the IPLRA.

But the procedural posture of this case, coupled with the extraordinarily high burden on Defendants to prove, by clear and convincing evidence, that there is no possibility that Plaintiffs have stated a claim as to the Hospital Defendants, require a decision in the Plaintiffs' favor. The relevant inquiry is whether the plaintiff fails to state a cause of action against a resident defendant, and whether that failure is obvious according to the settled rules of the state. Here, there are no settled rules of the state to apply. And, uncertainties as to controlling law must be resolved in the Plaintiffs' favor. Plaintiffs have pleaded that the Hospital Defendants "engaged in the business . . . of selling" the product at issue. *Compl.*, ¶ 10. While the Court thinks that the Defendants'

**MEMORANDUM DECISION AND ORDER - 6**

interpretation of the IPLRA is reasonable, it cannot say with certainty that there is "no possibility" that Plaintiffs have a claim against the Hospital Defendants.[1]

For these reasons, the Court will grant Plaintiffs' Motion to Remand. Because it does so, the remaining pending motions are deemed moot.

## II.     Attorney's Fees

Plaintiffs ask the Court to award them attorney fees incurred in obtaining remand to state court. This Court has discretion to require payment of just costs and fees incurred as a result of improper removal. 28 U.S.C. § 1447(c); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

---

[1] The Court is aware of the decision in *In re Yazmin & Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Litigation*, No. 3:09-MD-02100-DRH, 2011 WL 3796903 (S.D. Ill. Aug. 25, 2011), in which the court denied plaintiff's motion to remand to state court on almost identical facts. There, the defendants had removed an action to federal court from Washington state court, alleging that a medical clinic had been fraudulently joined in a claim that plaintiff was injured after using an oral contraceptive which had been prescribed and distributed by the clinic. The Court concluded that the plaintiff had no chance of succeeding on a claim against the clinic because of the exemption under the Washington Product Liability Act for professional service providers. *Id.* at *2 (S.D. Ill. Aug. 25, 2011) (citing Wash. Rev. Code Ann. § 7.72.010 (West)).

At first blush, that case would seem to suggest a different result here. But, in *Yasmin*, the district court had greater insight into how Washington courts would resolve the question at hand. A state appellate court had already interpreted Washington's "professional services" exemption to cover hospitals, *see McKenna v. Harrison Memorial Hosp.*, 960 P.2d 486 (Wash. App. 1998), and the common law of Washington had staked out a clear position that health care providers offer services, not products. We have no similar guidance from the Idaho courts here.

**MEMORANDUM DECISION AND ORDER - 7**

Though unconvinced by DePuy's reasoning based largely in part because of the procedural posture of this case, coupled with the uncertainties in existing Idaho law, the Court finds that DePuy nonetheless possessed an objectively reasonable basis for seeking removal. DePuy's basis for seeking removal is objectively reasonable because its interpretation of the IPLRA is also objectively reasonable. Accordingly, the Court will deny Plaintiffs' request for attorney fees.

## ORDER

1. IT IS ORDERED that Plaintiffs' Motion to Remand (Dkt. 26) is hereby GRANTED and this action is remanded to the Fourth Judicial District of the State of Idaho, in and for the County of Ada, and the Clerk is directed to take the steps necessary to effectuate that remand.

2. IT IS FURTHER ORDERED that the remaining pending motions (Dkts. 16, 20, 33, 36, and 40) are MOOT.

DATED: September 21, 2016

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 8